UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 15-CR-00098-FPG-HKS-7

DECISION AND ORDER

JUDY BERRY,
                Defendant.

## INTRODUCTION

Defendant Judy Berry is charged, along with a number of co-defendants, in one count of the Indictment with narcotics conspiracy in violation of 21 U.S.C. § 846. *See* ECF No. 1. By Order dated May 6, 2015, this case was referred to United States Magistrate Judge H. Kenneth Schroeder pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (b)(1)(B). Defendant has filed a motion seeking the following relief:

First, Defendant moved to suppress "physical evidence confiscated by [law enforcement officials] pursuant to the execution of search warrants" at her home located at 135 Shepard Street, Buffalo, New York on May 8, 2015. ECF No. 146 at 19. The basis of Defendant's motion to suppress physical evidence is that the May 7, 2015 search warrant "is conclusory and lacks the necessary specificity concerning location of objects and/or contraband to be seized" and that the law enforcement officials who executed the search warrant "acted without probable cause or the required particularity for item(s) and location(s) of item(s) to be seized." *Id.* at 19-20.

Second, Defendant moved to suppress statements made by her "in response to custodial questioning initiated by the arresting officer(s)." *Id.* at 19-20. The basis of Defendant's motion to suppress her statements is that she "did not knowingly and voluntarily waive her Miranda Rights" and that any waiver of her statutory and constitutional rights were obtained based on inordinate

pressure and coercion brought to bear upon her by the investigating agent(s) and interrogator(s)." *Id*. at 21.

Third, Defendant moved to suppress intercepted electronic wire communications. *Id*. at 23, ¶ 98. The basis for Defendant's motion to suppress intercepted electronic wire communications is that there was a "lack of probable cause . . . to lawfully permit the issuance of the wiretap orders" and "the application for the wire tap order(s) and extensions thereof failed to include a full and complete statement as to whether or not other investigative techniques were tried and failed." ECF No. 146 at 23.

On October 25, 2017, Magistrate Judge Schroeder issued his Report and Recommendation on Defendant's motion (ECF No. 253) which recommended denying Defendant's suppression motion. Specifically, Magistrate Judge Schroeder recommends denying Defendant's motion to suppress physical evidence as being "totally without merit" and cites portions of the May 7, 2015 affidavit of S.A. Schirching and attached sealed indictment which state, *inter alia*, law enforcement's belief that a small amount of cocaine base and proceeds from the sale of narcotics were present at 135 Shepard Street, Buffalo, New York; he recommends denying Defendant's motion to suppress her statements because Defendant made a knowing and voluntary waiver of her rights, did not invoke her right to remain silent and stop the questioning, and the statements were voluntary and without coercion; and he finally recommends denying Defendant's motion to suppress intercepted electronic wire communications because, under Second Circuit precedent, the District Judge's decision to issue the Intercept Order was proper and the District Judge properly found that traditional investigative techniques had been exhausted and that alternatives to the use of electronic wire taps were too dangerous or unlikely to be successful.

No objections have been filed to Magistrate Judge Schroeder's Report and Recommendation, and the time to do so has now expired.

## LEGAL STANDARD

In reviewing a Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed, this Court is not required to conduct a *de novo* review of a magistrate judge's Report and Recommendation. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

## DISCUSSION

In his Report and Recommendation, Magistrate Judge Schroeder reminded the parties of Fed. R. Crim. P. 59(a), stating that **"Failure to file objections within the specified time or to request and extension of such time waives the right to appeal the District Judge's Order."** ECF No. 253 at 20. (emphasis in original). Since no objections have been filed, the Court may accept and adopt the Report and Recommendation in its entirety without further judicial review. However, the Court has nonetheless undertaken a "clear error" review of Judge Schroeder's Report and Recommendation.[1] Under this standard, the Court is permitted "to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not

---

[1] The "clear error" review standard applies to the portions of a Report and Recommendation that a party does not object to when the party does object to some portion of the Report and Recommendation, or when a party's objections are conclusory, general, or without legal support. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) (citing *Cullen v. United States*, 194 F.3d 401, 405-07 (2d Cir. 1999)); *see also* Fed. R. Crim. P. 59(b)(2); Loc. R. Crim. P. 59(c)(2).

facially erroneous." *Batista v. Walker*, No. 94 CIV. 2826 (SS), 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995).

The Court has reviewed Judge Schroeder's Report and Recommendation and does not find any portion of it to be "facially erroneous." Thus the Court finds no clear error in Judge Schroeder's recommendations that Defendant's motion to suppress physical evidence, statements, and intercepted electronic wire communications be denied and adopts them accordingly.

## CONCLUSION

The Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge H. Kenneth Schroeder (ECF No. 253) in its entirety, and Defendant's motion (ECF No. 146) is denied in all respects.

IT IS SO ORDERED.

DATED: November 22, 2017
          Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court